Cakuthees J.,
delivered the opinion of the court.
This action- is brought to recover, the value of a slave, hired to the defendants by the plaintiff, on the ground of conversion. It is specified in. the bond for the hire, that the boy is to bQ.^Te&pt out of all da/n-gerous places whereby Ufe or Umb may be endangered.” He was put to work at an ore bank, and while digging ore, was killed by the falling in of the bank above him. Whether it was a violation of the covenant, to put him at that place, would depend upon the proof as to the nature and character of the employment, and whether it should be regarded as a. “dangerous place.” The fact of itself, that the negro lost his life there, would not be sufficient perhaps to make out the breach. This would depend upon the proof of those acquainted with such places, and the nature of the employment. But we give no opinion now upon this point — it would be a question for the jury.
■ But a question of evidence is raised, upon which; the cáse must turn at present.
Perkins, was the manager and agent of defendants at the iron works, where the boy. was placed. ■ He made certain statements and declarations, as to the facts and circumstances of the death, on the day. after it occurred, which were allowed to be proved on the trial against the defendants. The objection to this evidence was overruled by the court, and exceptions- taken.
*80 In this, we think, there is manifest error. Perkins was a competent witness for either party, and could have been introduced, if his evidence was desired.
The declaration of an agent is not evidence against his principal, unless they are directly connected with, and made a part of the transactions of the agency. If they be at a time subsequent to the act, or unconnected with it, they are hearsay, and therefore inadmissible. To make the statements of Perkins competent, they must have been made at the time the thing under investigation occurred, so as to constitute a part of it.
This is what is meant by the res gestee. 1 Greenlf. Ev. 114, 113. 2 Swan R, 260, 384%
In the case under consideration, the thing to be ascertained was, the manner in which, and the character ■of the place at which the slave Westly was killed. To ■show this, the agent, Perkins, made statements on the next day after the event.
It is evident from the bare statement of the facts, that the rule above laid down, must exclude these declarations. They cannot, in any sense, be incorporated into, and constitute a part of the event, which transpired the day before.
They are not then, a part of the res gestee, and should have been excluded.
For this error, the judgment will be reversed, and a new trial granted.